Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7966 | **DATE** | 5/21/2002 |
| **CASE TITLE** | Johnson vs. Securitylink from Ameritech | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendant's motion for summary judgment. Defendant's motion to strike is denied as moot. Judgment is therefore entered in favor of defendant and against plaintiff. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 22 2002 | |
| | Notified counsel by telephone. | | date docketed | 23 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | 02 MAY 21 PM 4:35 | docketing deputy initials 5/21/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BARRY J. JOHNSON,           )
                            )
         Plaintiff,         )
                            )
    v.                      )  No. 00 C 7966
                            )
SECURITYLINK FROM AMERITECH,)
                            )
         Defendant.         )

DOCKETED
MAY 2 2 2002

### MEMORANDUM OPINION AND ORDER

Barry Johnson sues his former employer, SecurityLink from Ameritech, Inc. ("SecurityLink"), for race discrimination under Title VII, 42 U.S.C. § 2000e et seq. SecurityLink moves for summary judgment, and also moves to strike certain paragraphs of Johnson's Local Rule 56.1(b) response to SecurityLink's statement of material facts. I grant the motion for summary judgment.

I.

Johnson, an African American, is no longer employed by SecurityLink, which sells and installs security systems. He resigned voluntarily on March 31, 2000, after he had already filed his charge of race discrimination with the EEOC. His discrimination claim is based on allegations that he was denied opportunities for advancement as a sales representative based on his race. Specifically, he claims he was not allowed to apply for a position as a "transfer" or "upsell" representative ("transfers" and "upsells" are sales of upgraded systems to customers who already



have security systems), and that he was not assigned sales leads in the affluent, mostly-white northern suburbs of Chicago, Illinois.

To survive summary judgment, Johnson must come forward with evidence to demonstrate the existence of a material fact for trial. I must construe all facts in the light most favorable to Johnson and draw all reasonable and justifiable inferences in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "A genuine issue of fact 'exists only when a reasonable jury could find for the party opposing the motion based on the record as a whole.'" *Culver v. McRoberts*, 192 F.3d 1095, 1098 (7th Cir. 1999) (citation omitted).

If there is no direct evidence of race discrimination, as there is not here, Johnson may proceed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under *McDonnell Douglas*, Johnson must first make out a *prima facie* case of discrimination by showing that: "(1) he belongs to a protected class, (2) he performed his job according to his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) similarly situated employees outside the protected class were treated more favorably by the defendant." *Gordon v. United Airlines, Inc.*, 246 F.3d 878, 886 (7th Cir. 2001). If Johnson establishes the *prima facie* case, the burden shifts to SecurityLink to come forward with evidence of a legitimate, non-discriminatory reason for the challenged action. *Id.* If

2

SecurityLink does so, the burden shifts back to Johnson to come forward with evidence to show that SecurityLink's stated reason is a pretext for discrimination. *Id.*

II.

Johnson claims that he was denied an opportunity to apply for a position as the transfer and upsell representative. Although he claims that white employees were hand-picked to become transfer and upsell representatives, he admits that the positions were not posted at all, and that neither African American nor white employees were allowed to "bid" for the position. Resp. to Def.'s Facts ¶ 172. Johnson argues that the failure to post the position was a violation of company policy and that it was pretextual. Even assuming that those white employees were similarly situated and that Johnson could make out a *prima facie* case, he cannot demonstrate pretext, because a departure from company policy is not suspect if it applies equally to all employees. *See Floyd v. Missouri Dept. of Soc. Servs.*, 188 F.3d 932, 937 (8th Cir. 1999) (refusing to draw inference of pretext where deviation from selection procedures affected all candidates); *cf. Gordon*, 246 F.3d at 892 (finding evidence of pretext where plaintiff was fired for obscure rule violation and only other time rule had been enforced, similarly situated person outside the protected class was not fired). Even if he could create a question of fact as to pretext for this reason, he does not dispute the other reasons given by

3

SecurityLink: that the white employee who was ultimately selected for the position had higher upsell numbers and had been with the company longer. Resp. to Def's Stmt. of Facts ¶¶ 178, 180. A plaintiff cannot create a genuine issue of fact for trial unless he rebuts *each* non-discriminatory reason offered by the employer for the adverse employment action. *Adreani v. First Colonial Bankshares Corp.*, 154 F.3d 389, 399 (7th Cir. 1998).

Johnson also claims that he was consistently denied sales leads in affluent white suburbs because he is African American. But in his response he points to no evidence of similarly situated white employees who were given such leads. He claims that two non-African American employees "received systematically better treatment in the form of leads and other terms and conditions of employment," Resp. at 8-9, but he points to no evidence to support that allegation. He also claims that he was subjected to "constant write-ups and harassment from his supervisor," ordered to return a pager when a similarly situated white employee was not, publicly disciplined and embarrassed by his supervisor, and ordered to give up leads to other non-African American sales representatives. *Id.* at 6-7. To the extent that Johnson means to argue that this is direct evidence of discrimination, he has not met his burden. "[D]irect evidence 'must not only speak directly to the issue of discriminatory intent, it must also relate to the specific employment decision in question.'" *Baron v. City of Highland Park,*

195 F.3d 333, 339 (7th Cir. 1999). Even assuming that this evidence showed some discriminatory animus, it is not sufficiently connected to any of the adverse employment actions of which Johnson complains. Only the surrender of leads to white co-workers is relevant to his claim about lead assignments, and he does not point to evidence to support this claim. Citations to evidence in the record must appear in the briefs, or else the plaintiff will not be deemed to have created a genuine issue of fact. *See Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 942 (7th Cir. 1997). "It is not [my] task . . . to scour the record in search of a genuine issue of triable fact." *Richards v. Combined Ins. Co. of Am.*, 55 F.3d 247, 251 (7th Cir. 1995).

Furthermore, sales leads were assigned by SecurityLink's Lead Coordinator, also an African American, based on a variety of factors, including scheduling conflicts, distance from the sales representative's home, prior leads, and prior handling of leads. Def's Stmt. of Facts ¶¶ 31, 46. The Lead Coordinator testified that she did not assign leads on the basis of race, *id.*, ¶¶ 44-45, and Johnson does not claim that she discriminated against him on the basis of race. *Id.* ¶ 28. He responds only that he received leads in predominantly African American neighborhoods, but does not point to any evidence in support of this claim. Resp. to Def's Stmt. of Facts. ¶ 28. This is insufficient to rebut the Lead Coordinator's testimony that she did not take race into account.

5

Johnson admits that sales representatives were also free to generate their own leads in any part of the Chicago metro area. Resp. to Def.'s Facts ¶ 77. At his deposition, he testified about his perception that certain white sales representatives made more sales in the northern suburbs, Pl. Dep. at 147, but he did not say anything from which it could reasonably inferred that those sales were the product of assigned leads as opposed to self-generated leads. *Id.* Johnson testified that, shortly after he began working at SecurityLink, an African American co-worker said "they are not going to give you good leads. They are going to cherry pick and they are going to give them to their boys," and then named several non-African American sales representatives. Pl. Dep. at 146. There is nothing in the record to support the conclusion that his co-worker's statement is attributable to Ameritech as an admission. Moreover, his co-worker's warning that he would be treated differently than certain white employees is insufficient to show that white employees actually were treated better, much less that they were similarly situated. "[U]ncorroborated generalities" are insufficient to satisfy this element of the *prima facie* case. *Oest v. Illinois Dept. of Corrections*, 240 F.3d 605, 615 (7th Cir. 2001); *see also Burns v. Interparking, Inc.*, No. 01-1134, 2001 WL 1464026, at *3 (7th Cir. Nov. 16, 2001) (unpublished order) ("Because these alleged occurrences of differential treatment were not within [the plaintiff]'s personal knowledge, but rather were

6

related to him by another . . . employee, they cannot satisfy his evidentiary burden of proving that the other individuals are similarly situated."). Johnson has failed to create a question of material fact on either of his claims of discrimination, so I GRANT SecurityLink's motion for summary judgment, and DENY its motion to strike as moot.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated:   May 21, 2002